James G. Snell, Bar No. 173070
JSnell@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXIOS KAFATOS, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>           Defendant. | Case No. 3:15-CV-03727-JCS<br><br>**ANSWER OF UBER TECHNOLOGIES, INC. TO COMPLAINT** |

Defendant UBER TECHNOLOGIES, INC. ("Uber") hereby responds to Plaintiff ALEXIOS KAFATOS' ("Kafatos") Complaint for Violations ("Complaint") in this action as follows:

**INTRODUCTION**

1. Uber lacks knowledge or information sufficient to form a belief about why Plaintiff brings this action. The remaining allegations of paragraph 1 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies that it violated the TCPA, denies that this matter can be brought as a class action, and denies all remaining allegations of paragraph 1.

**JURISDICTION AND VENUE**

2. The allegations of paragraph 2 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies that it violated the TCPA, denies that this matter can be brought as a class action, and denies all remaining allegations of paragraph 2.

3. The allegations of paragraph 3 state legal conclusions and argument to which no response is required. To the extent a response is required, Uber admits that Uber conducts business in this district and is registered in this district. Uber denies the remaining allegations of paragraph 3.

**PARTIES**

4. Uber lacks knowledge or information sufficient to form a belief regarding the allegations of paragraph 4.

5. Uber admits that it is a corporation whose primary corporate address is in San Francisco, California. Uber admits that it has conducted business in the State of California and in the County of San Francisco, and within this judicial district. Uber denies the remaining allegations of paragraph 5.

**FACTUAL ALLEGATIONS**

6. Uber lacks knowledge or information sufficient to form a belief regarding the allegations of paragraph 6.

7. Uber admits that it is a corporation. The remaining allegations of paragraph 7 state a legal conclusion and argument to which no response is required. To the extent a response is required, Uber denies the remaining allegations of paragraph 7.

8. Uber admits that Uber conducts business in the State of California and in the County of San Francisco, within this judicial district. Uber denies the remaining allegations of paragraph 8.

9. The allegations of paragraph 9 constitute legal argument to which no response is required. To the extent a response is required, upon information and belief, Uber admits Plaintiff consented to Uber contacting him at a cellular phone number ending in -3062 and that a text message was sent to the cellular telephone number ending in -3062 on August 5, 2015. Uber denies all remaining allegations of paragraph 9.

10. Uber has insufficient information to admit or deny whether Plaintiff received the text message described in paragraph 10. Upon information and belief, Uber admits after Plaintiff consented to Uber contacting him at a cellular phone number ending in -3062, a text message was sent containing the text quoted in quoted in paragraph 10 to the cellular telephone number ending in -3062. Uber denies all remaining allegations of paragraph 10.

11. Upon information and belief, Uber admits that it ceased sending text messages after Plaintiff indicated he no longer wished to receive them. Uber denies the remaining allegations of paragraph 11.

12. Upon information and belief, Uber denies the allegations in paragraph 12.

13. The allegations of paragraph 13 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies the allegations in paragraph 13.

14. The allegations of paragraph 14 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Uber has insufficient information to admit or deny the allegations in paragraph 14 and on this basis denies them.

15. The allegations of paragraph 15 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Uber has insufficient information to admit or deny the allegations in paragraph 15, and on this basis denies them.

16. Upon information and behalf, Uber denies the allegations in paragraph 16.

17. Uber denies the allegations in paragraph 17.

## CLASS ACTION ALLEGATIONS

18. The allegations of paragraph 18 constitute a legal argument and contentions to which no response is required. To the extent a response is required, Uber denies the allegations in paragraph 18.

19. Uber denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 19.

20. Uber denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 20.

21. Uber denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 21.

22. Uber denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, denies that the class definition may be expanded, and denies all remaining allegations of paragraph 22.

23. The allegations of paragraph 23 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 23.

24. The allegations of paragraph 24 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 24.

ANSWER TO COMPLAINT
Case No. 3:15-cv-03727-JCS

28. The allegations of paragraph 28[1] constitute legal conclusions and argument to which no response is required. To the extent a response is required, upon information and belief, Uber denies that it sent Plaintiff any unsolicited text message without Plaintiff's prior express consent. Uber denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 28.

29. The allegations of paragraph 29 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies that Plaintiff has suffered irreparable harm, denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 29.

30. Uber lacks knowledge or information sufficient to form a belief regarding the allegations of paragraph 30.

31. The allegations of paragraph 31 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 31.

32. The allegations of paragraph 32 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Uber denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of paragraph 32.

**FIRST CAUSE OF ACTION**
**ALLEGED NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**

33. Paragraph 33 does not contain allegations requiring a response. Uber incorporates by reference all of its responses above as though fully repeated herein.

---

[1] The Complaint is not consecutively numbered, beginning with this paragraph, which is numbered paragraph 28 in the Complaint but immediately follows paragraph 24 in the Complaint. For clarity, Uber uses Plaintiff's numbering system in its Answer.

34. Uber denies the allegations of paragraph 34.

35. Uber denies the allegations of paragraph 35.

36. Uber denies the allegations of paragraph 36.

**SECOND CAUSE OF ACTION**
**ALLEGED KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

37. Paragraph 37 does not contain allegations requiring a response.  Uber incorporates by reference all of its responses above as though fully repeated herein.

38. Uber denies the allegations of paragraph 38.

39. Uber denies the allegations of paragraph 39.

40. Uber denies the allegations of paragraph 40.

**PRAYER FOR RELIEF**
**FIRST CAUSE OF ACTION FOR ALLEGED NEGLIGENT VIOLATIONS OF THE**
**TCPA, 47 U.S.C. § 227 ET SEQ.**

41. Uber denies that Plaintiff is entitled to the relief request in paragraph 41.

42. Uber denies that Plaintiff is entitled to the relief request in paragraph 42.

43. Uber denies that Plaintiff is entitled to the relief request in paragraph 43.

**SECOND CAUSE OF ACTION FOR ALLEGED KNOWING AND/OR WILLFUL**
**VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

44. Uber denies that Plaintiff is entitled to the relief request in paragraph 44.

45. Uber denies that Plaintiff is entitled to the relief request in paragraph 45.

46. Uber denies that Plaintiff is entitled to the relief request in paragraph 46.

**TRIAL BY JURY**

47. Uber admits that Plaintiff has asked for a trial by jury, but otherwise denies the allegations in paragraph 47.

**UBER'S AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Uber further responds to Plaintiff's Complaint by alleging the following affirmative defenses.

### First Affirmative Defense
### (Messages Not "Telemarketing" or "Advertising")

The messages allegedly sent to Plaintiff and any putative members of the purported class were not for "telemarketing" or "advertising" and as such, the TCPA does not require the prior express written consent of Plaintiff and/or any putative members of the purported class.

### Second Affirmative Defense
### (Prior Express Consent)

Plaintiff and any putative members of the purported class provided prior express consent to receive the alleged text messages, by providing their telephone numbers to Uber, by requesting to receive text messages, by agreeing to receive text messages, and/or by having intermediaries convey their consent to Uber.

### Third Affirmative Defense
### (No ATDS or Prerecorded Voice)

The messages allegedly sent to Plaintiff and any putative members of the purported class were not sent using an automatic telephone dialing system ("ATDS") or prerecorded voice.

### Fourth Affirmative Defense
### (Best Practices)

Uber is not liable for the alleged text messages because any such messages were sent in conformance with industry best practices for verifying that the intended recipient is in possession of the telephone number being registered.

### Fifth Affirmative Defense
### (Lack of Vicarious Liability)

Uber is not liable for the alleged text messages because any such messages were sent by third parties for whose actions Uber cannot be held liable.

### Sixth Affirmative Defense
### (Ratification)

The claims of Plaintiff and any putative members of the purported class are barred, in whole or in part, by the doctrine of ratification and because Plaintiff and/or any purported class members acquiesced to any conduct engaged in by Uber.

Case 3:15-cv-03727-JST   Document 11   Filed 10/09/15   Page 8 of 11

**Seventh Affirmative Defense**
**(Waiver)**

The claims of Plaintiff and any putative members of the purported class are barred by the doctrine of waiver.

**Eighth Affirmative Defense**
**(Estoppel)**

The claims of Plaintiff and any putative members of the purported class are barred, in whole or in part, by their own conduct, actions, and inactions, which amount to and constitute estoppel of all claims and relief sought.

**Ninth Affirmative Defense**
**(Unclean Hands)**

The claims of Plaintiff and any putative members of the purported class are barred, in whole or in part, by the doctrine of unclean hands in that the actions of Plaintiff and any putative members of the purported class are the cause of their Complaint.

**Tenth Affirmative Defense**
**(Lack of Standing)**

Plaintiff and any putative members of the purported class lack standing to bring the claims at issue, including because they are not the "called party."

**Eleventh Affirmative Defense**
**(Frolic & Detour)**

To the extent any violation of the TCPA was committed by agents or employees of Uber in direct contravention of established company policies, such conduct by such agents or employees was unauthorized, outside the ambit of their direct duties, and not in furtherance, but in direct contravention, of Uber's policies. Uber is not vicariously liable for such acts.

**Twelfth Affirmative Defense**
**(Indemnification)**

To the extent Uber is liable to Plaintiff and/or any putative members of the purported class for any damages, Uber is entitled to indemnification, in whole or in part, from one or more third parties.

ANSWER TO COMPLAINT
Case No. 3:15-cv-03727-JCS

**Thirteenth Affirmative Defense**
**(Proportional Fault)**

The alleged injuries of Plaintiff and/or any putative members of the purported class are the result, in whole or in part, of the acts or omissions of entities or individuals other than Uber, including Plaintiff and putative members of the purported class, and Uber's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

**Fourteenth Affirmative Defense**
**(Opt-Out Not Reasonable)**

To the extent that Plaintiff and putative members of the purported class revoked their consent to receive text messages from Uber, their method of revoking consent was unreasonable.

**Fifteenth Affirmative Defense**
**(TCPA Unconstitutional)**

The TCPA violates the First Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment and Fourteenth Amendment to the Constitution of the United States of America and is unconstitutional under state law.

**Sixteenth Affirmative Defense**
**(Action Unconstitutional)**

Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Uber's right to due process under the Fourteenth Amendment to the United States Constitution and under state law.

**Seventeenth Affirmative Defense**
**(Aggregate Damages Unconstitutional)**

To the extent that the Complaint seeks putative class damages, the aggregated statutory damages, if any, may constitute excessive fines in violation of the First, Eighth Amendments and Fourteenth to the U.S. Constitution.

**Eighteenth Affirmative Defense**
**(Statute of Limitations)**

The claims of putative members of the purported class are barred by the statute of limitations.

**Nineteenth Affirmative Defense**
**(Good Faith)**

The claims of Plaintiff and any putative members of the purported class are barred, in whole or in part, by Uber's good faith and/or good faith legal defense.

**Twentieth Affirmative Defense**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Twenty First Affirmative Defense**
**(Arbitration Agreement)**

The claims of Plaintiff and/or persons who might otherwise be putative class members are barred by a valid and binding arbitration agreement.

**Twenty Second Affirmative Defense**
**(Reservation of Rights)**

Uber does not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserves its right to amend its Answer to raise additional affirmative defenses as they are discovered.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Uber prays for judgment as follows:

1. That Plaintiff's claims be dismissed with prejudice;

2. That judgment be entered in favor of Defendant Uber and against Plaintiff Alexios Kafatos;

3. That Uber be awarded its costs of suit, including reasonable attorney's fees;

4. That the Court deny Plaintiff's request to certify this action as a class action; and

5. That the Court award Uber such other and further relief as the Court may deem proper.

| | | |
|---|---|---|
| 1 | DATED: October 9, 2015 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: /s/ James G. Snell |
| 4 | | James G. Snell, Bar No. 173070<br>JSnell@perkinscoie.com |
| 5 | | Attorneys for Defendant<br>UBER TECHNOLOGIES, INC. |

-11-

ANSWER TO COMPLAINT
Case No. 3:15-cv-03727-JCS