James G. Snell, Bar No. 173070
JSnell@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXIOS KAFATOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 3:15-cv-03727-JCS<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Lowest-Numbered Case: 15-cv-03727-JCS<br><br>First Filed Case: 14-cv-05678-JST |

Pursuant to Civil Local Rule 3-12(b), Uber Technologies, Inc. ("Uber") respectfully submits this Administrative Motion to consider whether the following cases pending in this District should be related: *Kafatos v. Uber Technologies, Inc.*, Case No. 3:15-cv-03727-JCS ("*Kafatos*") and *Lathrop et al. v. Uber Technologies, Inc.*, Case No. 3:14-cv-05678-JST ("*Lathrop*"). Uber brings the *Lathrop* case to the Court's attention because *Lathrop* appears to be "related" to the above-captioned action within the meaning of Local Rule 3-12(a).

## BACKGROUND

On August 14, 2015, plaintiff Alexios Kafatos filed a complaint on behalf of a proposed class alleging that Uber violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") by sending text messages to his cellular telephone. *See Kafatos* Complaint, ¶¶ 1, 9, Ex. A. Plaintiff Kafatos alleged that Uber used an automatic telephone dialing system ("ATDS"). *Id.* at ¶ 13.

On December 31, 2014, plaintiff Kerry Reardon filed a complaint on behalf of a proposed class alleging that Uber violated the TCPA by sending unsolicited and autodialed text messages to plaintiff and the purported class using an ATDS. *See Lathrop* Complaint, ¶ 4, Ex. B. On July 29, 2015, a Second Amended Complaint was filed alleging the same violations, but with a different lead Plaintiff. *See Lathrop* Second Amended Complaint ("*Lathrop* SAC"), ¶ 4, Ex. C.

Pursuant to Local Rule 3-12, Uber wishes to give the Court notice of the overlapping nature of the *Kafatos* and *Lathrop* actions so that the Court may determine whether an order relating the cases would avoid unduly burdensome duplication of labor and expense, as well as conflicting results if the cases are conducted before different Judges.

## DISCUSSION

Pursuant to Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." It appears that the *Kafatos* and *Lathrop* actions should be related because they involve substantially the same parties and events, and relation of

-2-
UBER'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
3:15-cv-03727-JCS

the cases would create efficiencies while avoiding duplication of labor and expense, and would minimize the likelihood of conflicting rulings.

### 1. The Actions Concern Substantially the Same Parties and Events

Both the *Kafatos* and *Lathrop* actions concern substantially the same parties: Uber is the named defendants in both complaints, and plaintiffs in both cases are individuals asserting violations of the TCPA on behalf of a putative class. Further, both actions allege substantially the same conduct. The plaintiffs in both cases claim that Uber, without express prior consent, sent unsolicited text messages to their cellular telephones using an ATDS. *Kafatos* Complaint, ¶ 13; *Lathrop* SAC, ¶ 4. Further, the plaintiffs seek the same relief—statutory damages, injunctive relief, and any other available legal or equitable remedies. *See Kafatos* Complaint, ¶¶ 1, 41-46; *Lathrop* SAC, ¶¶ 1, Prayer for Relief.

### 2. Relation May Avoid Duplication of Labor and Conflicting Rulings

Because the *Kafatos* and *Lathrop* complaints allege violations of the same law (TCPA) based on the same alleged underlying conduct, this Court may find that relation will prevent "unduly burdensome duplication of labor and expense or conflicting results" that could occur if the cases were conducted before different Judges. *See* Civ. L.R. 3-12(a)(2).

### **CONCLUSION**

For the foregoing reasons, Uber respectfully requests that this Court consider whether to relate the *Kafatos* and *Lathrop* actions pursuant to Local Rule 3-12.

DATED: October 14, 2015  **PERKINS COIE LLP**

By: /s/ James G. Snell
James G. Snell, Bar No. 173070
JSnell@perkinscoie.com

Attorneys for Defendant
UBER TECHNOLOGIES, INC.