Todd Michael Friedman
tfriedman@attorneysforconsumers.com
Adrian R. Bacon
abacon@attorneysforconsumers.com
Suren Naradha Weerasuriya
sweerasuriya@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Drive, Suite 725
Beverly Hills, California 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

Attorneys for Plaintiff
ALEXIOS KAFATOS, an individual on behalf
of himself and those similarly situated

James G. Snell, Bar No. 173070
JSnell@perkinscoie.com
Joshua A. Reiten, Bar No. 238985
JReiten@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone:  (415) 344-7000
Facsimile:  (415) 344-7050

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

Additional Counsel Listed on
Next Page

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXIOS KAFATOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 3:15-cv-03727-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Date: December 16, 2015<br>Time: 2:00 p.m.<br>Courtroom: 9 - 19th Floor<br><br>Judge Jon S. Tigar |

-i-

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

1  **Additional Counsel**:

2  Debra Bernard (admitted *pro hac vice*)
   dbernard@perkinscoie.com
3  PERKINS COIE LLP
   131 South Dearborn Street, Suite 1700
4  Chicago, IL  60603-5559
   Tel:  (312) 324-8400
5  Fax:  (312) 324-9559

6  Nicola C. Menaldo (admitted *pro hac vice*)
   nmenaldo@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, WA  98101-3099
   Tel:  (206) 359-8000
9  Fax:  (206) 359-9000

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), Local Rule 16-9, the Court's Order Setting Initial Case Management Conference and Deadlines, and this Court's Standing Orders, Plaintiff Alexios Kafatos and Defendant Uber Technologies, Inc. ("Defendant" or "Uber") respectfully submit the following joint case management statement and Rule 26(f) Report.

## I.     JURISDICTION AND SERVICE

This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d). Plaintiff and members of the putative Class allege aggregate damages exceeding $5,000,000, exclusive of interest and costs, and allege that this is a putative class action in which at least one member of the putative class of plaintiffs is a citizen of a state different from the Defendant.  This Court also has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims allegedly arise out of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  All parties have been served.

## II.     FACTS AND LEGAL ISSUES

### A.     Plaintiff's Contentions

Plaintiff is informed and believe, and thereon allege, that beginning in or around July of 2015, Defendant contacted Plaintiff on his cellular telephone number ending in -3062, in an attempt to solicit Defendant's services.  The text messages from Defendant to Plaintiff's cellular telephone were so numerous and frequent that Plaintiff had to block Defendant's text messages.

Plaintiff alleges that the text messages Defendant placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A), and that these text messages by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).  Defendant's text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).  To the extent it ever existed, Defendant did not possess Plaintiffs' "prior express consent" to receive text messages using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).  Plaintiff alleges that such action on the part of

-1-

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

Perkins Coie LLP
Attorneys At Law
Palo Alto

Defendant is systemic and widespread, and asserts his claims on behalf of a proposed class of similarly-situated putative class members.

### B. Defendant's Contentions

Defendant denies that it violated the TCPA or any of its implementing regulations. Defendant denies that it made any "calls" to Plaintiff. *See* 47 U.S.C. § 227(a).

Defendant also denies that it sent Plaintiff "spam advertisements and/or promotional offers," or that it sent Plaintiff any "unsolicited text messages." *See* Compl. ¶¶ 9, 16. Defendant disputes Plaintiff's allegation that he "never contacted nor conducted any business with Defendant in any fashion, including having never visited any of Defendant's online websites." *Id.* ¶ 12.

Defendant contends that it had the prior express consent of the Plaintiff, and thus has a complete defense to Plaintiff's claims.

Defendant denies that an ATDS was used to send the text messages at issue, as the device used to send the text messages does not meet the definition of an ATDS. *See* 47 U.S.C. § 227(a)(1); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*; 7 FCC Rcd. 8752 (1992); 10 FCC Rcd. 12391 (1995); 188 FCC Rcd. 14014 (2003); 30 FCC Rcd. 7961 (2015).[1] Defendant also denies that the messages were sent without human intervention and denies that the messages used an artificial or prerecorded voice.

Defendant denies that any alleged violations of the TCPA were knowing or willful. *See* Compl. ¶¶ 37-40.

Defendant denies that this matter can appropriately be certified as a class action. Defendant contends that Plaintiff will be unable to satisfy the numerosity, commonality, typicality, and adequacy of representation standards of Rule 23(a). Similarly, Defendant contends that Plaintiff will be unable to establish predominance and superiority under Rule 23(b)(3) and will be unable to establish that a class of individuals can be ascertained or that a class would be manageable.

---

[1] Defendant does not concede that the FCC had the authority to add to or change the TCPA's ATDS definition.

-2-

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

Defendant reserves the right to assert any additional defenses that become apparent during the discovery process.

### III.   MOTIONS

**A.   Plaintiff**

At this time, it is possible that Plaintiff will file a motion to add other parties if a third-party dialing company comes to light during the discovery process. Plaintiff also contemplates filing a motion for class certification, at the appropriate time, and after Plaintiff has had a reasonable opportunity to conduct discovery. Plaintiff anticipates filing his motion seeking class certification by January 30, 2017. Further, Plaintiff anticipates filing a technology-based motion for summary judgment on the issue of whether Defendant's dialing system constitutes an ATDS under the TCPA. Plaintiff has filed an Opposition to Defendant's Motion for Stay.

**B.   Defendant**

Defendant has filed a motion to stay proceedings pending the appeal of the FCC's July 2015 Omnibus Order and the forthcoming decision in *Spokeo v. Robins*, 135 S. Ct. 1892 (argued November 2, 2015). Both proceedings will substantially affect the state of the law with respect to Plaintiff's allegations because they address (1) the definition of "automatic telephone dialing system," (2) the definition of "called party," (3) the rules for revocation of consent, and (4) whether Plaintiff can recover based on a mere statutory violation without a showing of actual harm. All of those issues are at play in this lawsuit and, for the reasons set forth in the motion to stay, this case should be stayed for a modest period until those proceedings are resolved. The motion is pending before the Court, will be fully briefed on Friday, December 4, 2015, and is scheduled for argument on January 7, 2016. Defendant anticipates that discovery will not commence until after its motion to stay is ruled upon. Defendant also anticipates that any discovery disputes can be resolved without Court intervention, and reserves the right to file other motions as appropriate, including a motion for summary judgment or partial summary judgment, and pretrial motions including motions *in limine*.

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

### IV. AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES

**A.  Plaintiff**

At this time, it is possible that Plaintiff will file a motion to add other parties if a third-party dialing company comes to light during the discovery process.

**B.  Defendant**

Defendant does not anticipate bringing in additional parties or making any cross-claims or counter-claims at this time, but reserves the right to do so.

The parties have agreed to a proposed deadline of February 12, 2016, for amendment of pleadings and addition of parties.

### V. EVIDENCE PRESERVATION

The parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding evidence preservation.

### VI. INITIAL DISCLOSURES

The parties have agreed to exchange Initial Disclosures on December 23, 2015.

### VII. PRIVILEGE ISSUES

The parties will propose a stipulated protective order to govern discovery in this matter. The parties propose that any party withholding documents or information based on the assertion of a privilege shall serve a privilege log that complies with the Federal Rules of Civil Procedure after completing the production of documents responsive to the document request to which the privilege was asserted.  The parties agree that a privilege log should not be required for attorney-client privileged communications between any of the parties and their outside counsel that post-date the filing of the Complaint.

### VIII. DISCOVERY

Discovery has not yet been initiated.

**A.  Plaintiff**

Plaintiff will be seeking the following categories of documents in discovery. Plaintiff may need additional categories of documents depending on what information is provided to Plaintiff and depending on how Defendant maintains their data:

-4-
JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

Perkins Coie LLP
Attorneys At Law
Palo Alto

- Documentation regarding the alleged autodialer/text campaign conducted by Defendant;
- Documentation regarding Defendant's outbound dial list generated by any predictive dialer or ATDS to cell phones;
- Documentation regarding cellular phone numbers that have provided prior express consent to receive text messages from Defendant;
- Documentation showing Defendant's consent to place spam/promotional and/or solicitation text message using an ATDS, to consumers' cell phones; and
- Documentation regarding the usage of Defendant's ATDS;

Plaintiff intends to depose Defendant's Person Most Knowledgeable regarding the equipment used to place calls to Plaintiff and putative class members, as well as Defendant's policies and procedures regarding outbound calls made to Plaintiff and putative class members.

With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff would respectfully submit that no limitations or phases should be imposed on conducting the discovery.

**B.    Defendant**

Defendant intends to serve interrogatories, requests for production, and requests for admission on Plaintiff.  Defendant also intends to take the deposition of Plaintiff and potentially third-party witnesses.

Defendant disagrees with Plaintiff's suggestion that his discovery should be unlimited.  At this time, Defendant does not plan to request formal bifurcation of discovery but reserves the right to revisit this issue as circumstances warrant.

## IX.    PROPOSED SCHEDULE

Defendant contends that the Court should stay this case in its entirety pending the appeal of the FCC's July 2015 Omnibus Order and a decision in *Spokeo v. Robins*, 135 S. Ct. 1892 (2015).  Should the Court not stay the case, the parties propose the following:

-5-
JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

| Activity | Proposed Date |
|---|---|
| Last day to file Initial Disclosures | December 23, 2015 |
| Last day to file a motion to amend the pleadings or add new parties | February 12, 2016 |
| Last day for Plaintiff to designate expert witnesses | August 15, 2016 |
| Last day for Defendant to designate expert witnesses | September 16, 2016 |
| Last day for pre-certification motions for summary judgment | October 21, 2016 |
| Deadline for mediation | October 21, 2016 |
| Close of discovery | November 29, 2016 |
| Last day to file motion for class certification | January 30, 2017 |
| Last day to file opposition to class certification | February 27, 2017 |
| Last day to file reply on motion for class certification | March 13, 2017 |
| Deadline for post-certification motions for summary judgment | 60 days after ruling on class certification |
| First pretrial conference | April 14, 2017 |

## X.   RELATED CASES

There are no cases that have been formally related or consolidated with this action. Three other cases alleging Uber's text messages violated the TCPA are currently pending:

- *Lathrop v. Uber Technologies, Inc.*, Case No. 3:14-cv-05678-JST (N.D. Cal. filed Dec. 31, 2014)

- *Kolloukian v. Uber Technologies, Inc.*, Case No. 2:15-cv-02856-PSG-JEM (C.D. Cal. filed Apr. 17, 2015). *Kolloukian* is no longer being litigated as a class action but is proceeding on an individual basis.

- *Vergara v. Uber Technologies, Inc.*, Case No. 1:15-cv-06942 (N.D. Ill. filed Aug. 7, 2015). *Vergara* is effectively stayed pending the resolution of the D.C. Circuit appeal challenging the FCC's July 2015 Omnibus Order, with the exception of limited written discovery.

## XI.   RELIEF

**A.   Plaintiff**

Pursuant to 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B), and $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

-6-
JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

**B.     Defendant**

Defendant reserves the right to assert claims against Plaintiff or other entities that might be added as parties as discovery develops and may seek to recover attorneys' fees and costs expended in the defense of this matter.  Defendant contends that Plaintiff's claims lack merit and Plaintiff is therefore not entitled to any damages.

## XII.    SETTLEMENT AND ADR

The parties are willing to engage in mediation with a mediator provided by the Court or with a private mediator, but believe that mediation would be premature at this time.  The parties agree to conduct a mediation prior to October 21, 2016.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff consented to having a magistrate judge preside over this action, but Defendant did not.

## XIV.   OTHER REFERENCES

At this time, the parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.    NARROWING OF ISSUES

The parties have not identified any issues that can be narrowed by agreement at this time. The parties reserve the right to revisit this issue after discovery commences and progresses.

## XVI.   EXPEDITED SCHEDULE

The parties agree that this action should not be handled on an expedited basis with streamlined procedures.

## XVII.  OTHER MOTIONS AND PRETRIAL CONFERENCE

The parties note that they expect to each file a motion for summary judgment prior to class certification, but they respectfully request an Order granting each party the right to file an additional motion for summary judgment post-certification in the event a class is certified.  The parties agree to the proposed summary judgment and pretrial conference deadlines outlined in section IX above.

-7-
JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

## XVIII. TRIAL ISSUES

The parties have requested a jury trial.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**A.     Plaintiff**

Plaintiff has filed his Notice of Interested Parties simultaneously with the filing of Plaintiff's Complaint.  Plaintiff identified only the Plaintiff and Defendant as interested parties and does not anticipate noticing anymore interested parties.

**B.     Defendant**

The parties have filed Certificates of Interested Entities or Persons.  Pursuant to Civil Local Rule 3-16, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations, (including parent corporations) or other entities (i) have a financial interest in the subject matter or controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Defendant Uber Technologies, Inc.

## XX.   PROFESSIONAL CONDUCT

The attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California.

-8-

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

| | |
|---|---|
| DATED:  December 2, 2015 | Respectfully submitted,<br><br>**PERKINS COIE LLP**<br><br>By: /s/ James G. Snell, Bar No. 173070<br>　　James G. Snell, Bar No. 173070<br>　　JSnell@perkinscoie.com<br>505 Howard Street, Suite 1000<br>San Francisco, California 94105<br>Telephone:  (415) 344-7000<br>Facsimile:  (415) 344-7050<br><br>Attorneys for Defendant<br>Uber Technologies, Inc. |
| DATED:  December 2, 2015 | **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**<br><br>By: /s/ Todd M. Friedman<br>　　Todd M. Friedman, Esq.<br>　　Adrian R. Bacon, Esq.<br>324 S. Beverly Drive, Suite 725<br>Beverly Hills, California 90212<br>Telephone: (877) 206-4741<br>Facsimile: (866) 633-0228<br><br>Attorneys for Plaintiff |

-9-

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
128778820.9