UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIOS KAFATOS,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 15-cv-03727-JST<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS**<br><br>Re: ECF No. 25 |

Before the Court is Defendant Uber Technologies, Inc.'s ("Uber") Motion to Stay. ECF No. 25. The Court will deny the motion.

## I. BACKGROUND

On August 14, 2015, Plaintiff Alexios Kafatos filed this putative class action against Uber, for alleged violations of the Telephone Consumer Protection Act ("TCPA"). ECF No. 1, Complaint. Kafatos alleges that Uber texted him without prior express consent through use of an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1). Id. ¶¶ 9–16. Kafatos seeks to represent a class "consisting of all persons within the United States who received any unsolicited text messages and/or any other unsolicited text messages from Defendant without prior express consent." Id. ¶ 19. Kafatos alleges that he and the putative class members were harmed by Uber's text messages through cellular telephone charges incurred or reduced cellular telephone time and invasion of privacy. Id. ¶ 21.

On November 13, 2015, Uber filed a Motion to Stay Proceedings in light of two pending appeals.[1] ECF No. 25 at 1–2. Uber argues that both the D.C. Circuit's review of the 2015 FCC

---

[1] Uber is a defendant in three other TCPA cases: (1) Lathrop v. Uber Technologies, Inc., Case No. 3:14-cv-05678-JST filed in the Northern District of California on December 31, 2014; (2) Kolloukian v. Uber Technologies, Inc., Case No. 2:15-cv-02856-PSG-JEM filed in the Central District of California on April 17, 2015; and (3) Vergara v. Uber Technologies, Inc., Case No.

Omnibus Order of the TCPA in <u>ACA International, et al. v. Federal Communications Commission</u>, No. 15-1211 (D.C. Cir. filed July 10, 2015), and the Supreme Court's decision in <u>Spokeo, Inc. v. Robins</u>, 135 S.Ct. 1892 (2015), could fundamentally alter the outcome of this case. <u>Id.</u>

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. <u>See</u> <u>id.</u> 254–55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh various competing interests, including the possible damage which may result from granting a stay, the hardship a party may suffer if the case is allowed to go forward, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005). The burden is on the movant to show that a stay is appropriate. <u>See</u> <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997).

## III. DISCUSSION

Uber requests that the Court stay this case pending a decision from the D.C. Circuit in <u>ACA International</u> and the Supreme Court's decision in <u>Spokeo</u>. <u>See</u> ECF No. 25. Plaintiffs oppose the motion, arguing that the terms at issue in the 2015 FCC Order and the standing issues in <u>Spokeo</u> are inapplicable to the case at bar. ECF No. 28.

The Court will deny Uber's motion. As discussed more fully in its order denying a parallel motion to stay in <u>Lathrop v. Uber</u>, Case No. 14-05678-JST, the Court finds that Uber has not met

---

1:15-cv-06942 filed in the Northern District of Illinois on August 7, 2015. Uber filed motions to stay in each case. In <u>Kolloukian</u>, the court granted the unopposed motion to stay. In <u>Vergara</u>, the court denied the motion to stay but encouraged the parties to limit discovery. Contemporaneously with the issuance of the instant order, this Court denied Uber's motion to stay in <u>Lathrop</u>.

its burden of establishing that a stay is warranted. Although decisions in ACA International and Spokeo[2] could be beneficial to this action by clarifying certain questions of law, the parties still require discovery on a number of factual issues regardless of the outcome of those cases. Uber has not shown this is one of the "rare circumstances" in which a stay pending the resolution of an appeal in another case is appropriate. See Landis, 299 U.S. at 255.

## CONCLUSION

For the reasons stated above, the Court denies Uber's motion to stay.

IT IS SO ORDERED.

Dated: January 8, 2016

_____
JON S. TIGAR
United States District Judge

---

[2] Plaintiffs have articulated concrete injury and are not simply relying on a bare violation of the statute. See ECF No. 1 ¶ 21 (identifying harms such as cell charges and invasion of privacy). See, e.g., Johnson v. Navient Sols., Inc., No. 115CV00716LJMMJD, 2015 WL 8784150, at *2 (S.D. Ind. Dec. 15, 2015) (denying stay in TCPA action pursuant to Spokeo because plaintiff's allegations related to the intrusion of privacy stated a claim for actual harm); Doe v. Selection.com, No. 15-cv-02338-WHO, 2015 WL 5853700 at *5 (N.D. Cal. Oct. 8, 2015) (denying stay in FCRA action because plaintiff adequately alleged actual injury and because balance of hardships did not warrant a stay).